Matthew R. Bainer, Esq. (SBN 220972)
**THE BAINER LAW FIRM**
1901 Harrison St., Suite 1100
Oakland, California 94612
Telephone:     (510) 922-1802
Facsimile:     (510) 844-7701
mbainer@bainerlawfirm.com

SHANNON LISS-RIORDAN (SBN 310719)
  (sliss@llrlaw.com)
SARAH SCHALMAN-BERGEN *appearing pro hac vice*
  (ssb@llrlaw.com)
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

Counsel for Plaintiff and the Proposed Collective and Class

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DALLAN ESCOBAR** on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>**AMAZON.COM, LLC, AMAZON LOGISTICS, INC. and GLOBAL FORWARDING LOGISTICS, LLC**,<br><br>                    Defendants. | **Case No.**<br><br> **COMPLAINT – CLASS & COLLECTIVE ACTION**<br><br> **DEMAND FOR JURY TRIAL** |

1

## COLLECTIVE ACTION COMPLAINT

Plaintiff Dallan Escobar ("Plaintiff"), through undersigned counsel, individually, and on behalf of all persons similarly situated, file this Class and Collective Complaint ("Complaint") against Defendants Amazon.com, LLC, Amazon Logistics, Inc. (together, "Amazon"), and Global Forwarding Logistics, LLC, (together, with Amazon, "Defendants"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., California state law and Colorado state law. The following allegations are based on personal knowledge as to Plaintiff' own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1.     This case is about Amazon's unlawful scheme to attempt to avoid responsibility for paying its Delivery Associates in accordance with applicable wage and hour laws by attempting to contract out that responsibility to third-party Delivery Service Providers ("DSP"), such as Defendant Global Forwarding Logistics.

2.     Defendants jointly employ non-exempt Delivery Associates such as Plaintiff and members of the proposed Collective and Class, to deliver packages to Amazon customers ("Delivery Associates").

3.     Defendants failed to comply with applicable wage laws and to pay non-exempt Delivery Associates for all the time they worked – including overtime – as was required to deliver hundreds of Amazon packages each day and meet Amazon's delivery needs throughout California and Colorado and possibly elsewhere.

## JURISDICTION AND VENUE

4.     Jurisdiction over Plaintiff' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff' state law claims because the state law claims and federal statutory claim derive from a common nucleus of operative facts.

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants reside in and/or conduct business in this Judicial District and/or a substantial part of the events of omissions giving rise to Plaintiff' claims occurred within this district.

### PARTIES

7.      Plaintiff Dallan Escobar worked for Defendants as a Delivery Associate in both California and Colorado during the applicable recovery periods. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Ex. A.

8.      Defendant Global Forwarding Logistics, LLC ("Global Forwarding") is a limited liability company organized under the laws of Washington State with principal offices in Snohomish, Washington. Global Forwarding provides Delivery Associates to Amazon as a Delivery Service Provider ("DSP").

9.      Defendant Amazon.com, LLC is a limited liability company with principal offices in Seattle, Washington, which operates throughout the United States, including in this Judicial District.

10.     Defendant Amazon Logistics, Inc. is a corporation with principal offices in Seattle, Washington, which operates throughout the United States, including this Judicial District.

11.     The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of the Defendants.

12.     During times relevant, Plaintiff was an employee of the Defendants and was covered by the FLSA.

13.     Defendants are employers covered by the FLSA.

14.     Defendants employ individuals, including Delivery Associates, in California and Colorado as well as potentially other states.

15.     Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

16.     Defendants' annual gross sales exceed $500,000.

3

## COLLECTIVE AND CLASS DEFINITIONS

17.     Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action, individually, and on behalf of the following class:

> All current and former Delivery Associates who were paid by Defendant Global Forwarding Logistics, LLC to deliver packages for Amazon.com, LLC and/or Amazon Logistics, Inc. in the United States during the applicable limitations period (the "FLSA Collective").

18.     Plaintiff bring Counts II, III, IV, V, VI, VII, VIII, and IX of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the following class:

> All current and former Delivery Associates who were paid by Defendant Global Forwarding to deliver packages for Amazon.com, LLC and/or Amazon Logistics, Inc. in California during the applicable limitations period (the "California Class").

19.     Plaintiff bring Counts X, and XI of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the following class:

> All current and former Delivery Associates who were paid by Defendant Global Forwarding to deliver packages for Amazon.com, LLC and/or Amazon Logistics, Inc. in Colorado during the applicable limitations period (the "Colorado Class").

20.     The FLSA Class, the California Class and the Colorado Class are together referred to as the "Classes."

21.     Plaintiff reserves the right to redefine the Classes prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTS

### Defendants are Joint Employers

22.     Amazon.com, LLC and Amazon Logistics, Inc. (collectively "Amazon") is one of the largest businesses engaged in the interstate shipment of goods in the United States.

23.     Amazon holds itself out as a company able to transport goods across the United States to customers in a short time period.

24.     Amazon is widely known as a company able to transport goods across the United States

to customers in a short time period.

25.     Amazon utilizes Delivery Service Providers, such as Global Forwarding, to transport goods across the country to customers in a short time period.

26.     Amazon and Delivery Service Providers are in the business of delivering goods across the United States.

27.     Amazon relies on Delivery Service Providers, such as Global Forwarding, for the essential services of transporting goods from Amazon warehouses to Amazon customer's doors as quickly as possible.

28.     Delivery Service Providers' delivery services are an integral part of Amazon's business purpose; without the use of Delivery Service Providers like Global Forwarding, Amazon could not get their goods to their customers.

29.     Amazon attempts to shield itself from liability by utilizing companies, such as Global Forwarding, to provide the employees to transport their goods.

30.     Global Forwarding provides delivery services for Amazon at one or more of Amazon's Delivery Stations through the use of Delivery Associates such as Plaintiff and members of the proposed Collective and Class.

31.     Delivery Associates are engaged to fulfill Amazon's nationwide delivery needs and make deliveries of goods from Amazon delivery stations to Amazon customers.

32.     Delivery Associates work in the transportation industry.

33.     The goods that Delivery Associates deliver are purchased by customers using Amazon's digital platform (the Amazon.com website).

34.     Plaintiff Escobar was hired and worked as a Delivery Associate for Global Forwarding in one of Amazon's California Delivery Stations, making deliveries of packages on behalf of Amazon.

35.     The goods that Delivery Associates deliver from Amazon delivery stations to Amazon customers originate, or are transformed into their final condition, in a different state than the delivery state.

36.     The goods Delivery Associates deliver from Amazon delivery stations to Amazon

customers are not transformed or modified during the shipping process.

37.     Delivery Associates deliver goods to Amazon customers in the same condition as they were shipped to the Amazon delivery station.

38.     Delivery Associates deliver goods to Amazon customers that were shipped around the United States.

39.     Delivery Associates handle goods that travel interstate.

40.     Delivery Associates are directly responsible for transporting goods in interstate commerce.

41.     Delivery Associates drive vehicles in order to deliver Amazon packages, which is vital to the commercial enterprise of the Delivery Service Provider and Amazon.

42.     A strike by Delivery Associates would disrupt interstate commerce.

43.     Plaintiff and other Delivery Associates are necessary in order for Amazon goods traveling interstate make it to their final destination.

44.     At all relevant times, Amazon has been affiliated with and/or operating with Global Forwarding, with respect to Plaintiff and other similarly situated employees such that Amazon and Global Forwarding, are the "joint employers" of Plaintiff and other similarly situated employees.

45.     Delivery Associates are provided with and are required to use an Amazon.com "Rabbit," a handheld device that provides the addresses of Amazon.com customers. The "Rabbit" is also used for navigation assistance, package scanning, and as a phone. The "Rabbit" also allows Amazon to contact and track a Delivery Associate's movement and work progress.

46.     Amazon has direct access to the "Rabbit" devices, which are given to and used by each Delivery Associate.

47.     Amazon sets the delivery route that the Delivery Associate will complete.

48.     Amazon assigns and provides routes to Delivery Service Providers, including Global Forwarding.

49.     Amazon supervises and controls the work activities, work schedules, conditions and management of Delivery Associates.

### The Nature of Plaintiff's and Other Delivery Associates' Work

50.     The nature of the work performed by Delivery Associates is similar and standardized at each of the Amazon Delivery Stations where Global Forwarding provides services for Amazon, as the nature of the work is centrally controlled and directed by Defendants.

51.     Plaintiff and other Delivery Associates were regularly scheduled to work five (5) to six (6) days per week, with shifts that were scheduled for ten (10) hours.

52.     Plaintiff often worked six (6) days a week.

53.     Plaintiff and other Delivery Associates sometimes worked up to seven (7) days per week.

54.     Although shifts are scheduled for ten (10) hours per day, all of the work-related activities that Plaintiff and Delivery Associates are and/or were required to and do perform often took ten or more hours per day to complete.

55.     Plaintiff regularly worked more than eight (8) hours each workday. Plaintiff observed that other Delivery Associates routinely worked similar hours.

56.     Plaintiff regularly worked more than forty (40) hours per week.  Plaintiff observed that other Delivery Associates routinely worked similar hours.

57.     Due to the volume of work, Plaintiff were unable to take rest breaks and routinely worked through their meal periods. Plaintiff observed that other Delivery Associates routinely worked through their breaks and meal period.

58.     Plaintiff and other Delivery Associates were required to work in excess of five consecutive hours a day without being provided a thirty (30) minute, continuous and uninterrupted, duty-free meal period for every five (5) hours of work.

59.     Defendants also failed to authorize and permit Plaintiff and other Delivery Associates to take timely and duty-free rest periods. Defendants regularly required Plaintiff and other Delivery Associates to work in excess of four (4) consecutive hours a day without allowing Plaintiff and other Delivery Associates to take a ten (10) minute, continuous and uninterrupted rest period every four (4) hours.

60.     Defendants routinely failed to indemnify and reimburse Plaintiff and other Delivery

Associates for all necessary expenditures and losses incurred by them in direct consequence of their duties, or at the Defendant's direction. Plaintiff and other Delivery Associates had to purchase certain equipment and had to regularly use own personal equipment to perform delivery services during their delivery routes. Defendants did not indemnify and reimburse Plaintiff or other Delivery Associates for their business expenses incurred while employed by and performing services for.

**<u>Defendants Failed to Pay Delivery Associates Properly</u>**

61.     Plaintiff and other Delivery Associates regularly worked more than 40 hours per week.

62.     Plaintiff and other Delivery Associates regularly worked five (5) to six (6) days per week.

63.     Defendants were aware that the Plaintiff and other Delivery Associates worked more than forty (40) hours per week, as Plaintiff and other Delivery Associates often complained to Defendants.

64.     Plaintiff and other Delivery Associates were compensated on a per route basis, meaning they receive a flat rate for every route to which they deliver one or more packages. Drivers only receive payment for a delivery if Defendants deemed that the route deliveries had been completed.

65.     Defendants did not compensate Plaintiff and other Delivery Associates for all hours worked.

66.     Defendants did not pay Plaintiff or Delivery Associates for all hours worked in excess of forty (40) hours in a workweek and did not pay proper overtime premiums.

67.     Defendants did not accurately record and track all of the hours worked by Plaintiff and other Delivery Associates and therefore failed to compensate Plaintiff and the putative collective action members at one-and one-half times the regular rate of pay for hours worked over forty (40) hours in a workweek.

68.     Delivery Associates were not paid for all hours worked and were not paid overtime, as required by law.

**The Failure to Properly Pay Delivery Associates Is Willful**

69.     Defendants' actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

70.     Despite being able to track Amazon packages to the second, Defendants have failed to make, keep and preserve records with respect to the Plaintiff and other Delivery Associates sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by law. *See, e.g.,* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

71.     Even though the FLSA and applicable state law requires overtime premium compensation for hours worked over forty  hours per week, Defendants do not pay Delivery Associates, such as Plaintiff, proper overtime premium compensation for overtime hours worked.

72.     Defendants knew, or absent their own recklessness should have known, that the Delivery Associates were entitled to such overtime premiums.

73.     Defendants failed to pay Plaintiff and Delivery Associates all overtime compensation owed.

74.     By failing to pay all the overtime compensation owed to Plaintiff and other Delivery Associates, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

75.     Plaintiff bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

76.     Plaintiff desire to pursue their FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

77.     Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid for all hours worked

9

when they worked more than forty (40) hours per week and were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

78.     Specifically, Defendants failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek and Defendants failed to include non-discretionary bonuses in the regular rate for the purpose of calculating overtime.

79.     The similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendants use.

80.     Defendants employ many FLSA Collective Members throughout California, Colorado, and possibly elsewhere. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

81.     Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and the California and Colorado Classes ("State Law Classes")as defined above.

82.     The members of the State Law Classes are so numerous and dispersed that joinder of all members is impracticable. Upon information and belief, there are more than fifty (50) members in both the State Law Classes.

83.     Plaintiff will fairly and adequately represent and protect the interests of the State Law Classes because there is no conflict between the claims of Plaintiff and those of the State Law Classes, and Plaintiff' claims are typical of the claims of the State Law Classes. Plaintiff' undersigned counsel is competent and experienced in litigating class actions and other complex litigation matters, including

wage and hour cases like the one at bar.

84.    There are questions of law and fact common to the proposed State Law Classes, which predominate over any questions affecting only individual State Law Class members, including, without limitation: whether Defendants violated and continue to violate California and Colorado state law through their policies and practices of not paying their Delivery Associates for all hours worked and overtime compensation.

85.    Plaintiff' claims are typical of the claims of the State Law Class members in the following ways, without limitation: (a) Plaintiff is a members of both of the State Law Classes; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the State Law Classes; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the State Law Classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the State Law Classes; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the State Law Class members.

86.    Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the State Law Classes predominate over any questions affecting only individual Class members. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The State Law Classes are readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the State Law Classes would create the risk of inconsistent or varying adjudications with respect to individual State Law Class members that would establish incompatible standards of conduct for Defendants.

87.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the State Law

Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

88.     Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the State Law Classes. Plaintiff envision no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of the Plaintiff and the FLSA Collective)**

89.     All previous paragraphs are incorporated as though fully set forth herein.

90.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he or she is employed. *See* 29 U.S.C. § 207(a)(1).

91.     Defendants are subject to the wage requirements of the FLSA because each of the Defendants is an "employer" under 29 U.S.C. § 203(d).

92.     At all relevant times, each of the Defendants were an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

93.     During all relevant times, Plaintiff and Collective Members were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

94.     Plaintiff and Collective Members are not exempt from the requirements of the FLSA.

95.     Plaintiff and Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

96.     Defendants' compensation scheme applicable to Plaintiff and Collective Members failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

97.     Defendants knowingly failed to compensate Plaintiff and Collective Members for all hours worked when they worked in excess of forty (40) hours per week and failed to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

98.     Defendants also failed to create, keep and preserve records with respect to work performed by the Plaintiff and the FLSA Collective sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

99.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II**
**Failure to Provide Regular Pay/Minimum Wages**
**Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1; Cal. Code Regs. tit. 8, § 11090**
**(On Behalf of Plaintiff and the California Class)**

100.     All previous paragraphs are incorporated as though fully set forth herein.

101.     During the applicable statutory period, California Labor Code §§ 1182.11, 1182.12 and 1197, and the IWC Minimum Wage Order were in full force and effect and required that Defendants' hourly employees receive the minimum wage for all hours worked.

102.     Section 2(H) of IWC Wage Order No. 9-2001 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

103.     California Labor Code § 1194(a) provides as follows: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit."

104.     California Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

105.     California Labor Code section 1197.1 provides, in part: "(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or

causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty, restitution of wages, and liquidated damages payable to the employee . . . ."

106.    As alleged throughout, Plaintiff and California Class members were not compensated for all hours worked – potentially for several hours per week.

107.    Plaintiff and California Class Members did not enter into legally binding agreements with Defendants to work for a lesser wage.

108.    Defendants' conduct, as alleged herein, violates the aforementioned regulations because throughout the applicable time period, Defendants' policies, practices and procedures resulted in a failure to compensate Plaintiff and California Class Members for all hours worked.

109.    As alleged in more detail above, Defendants' standardized policies, procedures resulted in Plaintiff and California Class Members being denied regular pay/minimum wages for regular hours worked by, *inter alia*, requiring them work hours off the clock in order to complete their mandated job duties.

110.    Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

111.    As a direct and proximate result of Defendants' unlawful acts and/or omissions, as alleged herein, Plaintiff and California Class Members have been deprived, and continue to be deprived, of regular pay and mandated minimum wages for regular hours worked in an amount to be determined at trial, are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

112.    Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**COUNT III**
**Failure to Provide Overtime Premium Pay**
**Cal. Lab. Code §§ 200, 510, 1194, 1194.2; Cal. Code Regs. tit. 8, § 11090**
**(On Behalf of Plaintiff and the California Class)**

113.    All previous paragraphs are incorporated as though fully set forth herein.

114.    California Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. . . .

115.    California Labor Code § 1194 provides as follows: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum or overtime compensation."

116.    California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

117.    Pursuant to California Labor Code § 1198, the Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

118.    Section 3(A) of IWC Wage Order No. 9-2001 provides in pertinent part: ". . . employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1 /2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek."

119.    Defendants' conduct, as alleged herein, violates the aforementioned regulations because Defendants failed to properly compensate Plaintiff and California Class Members applicable overtime premium pay for hours worked in excess of eight (8) hours per workday, forty (40) hours per workweek, and/or hours worked on the seventh consecutive day in a workweek.

120.    As alleged in more detail above, Defendants' policies, practices and procedures denied

Plaintiff and California Class Members proper overtime premium compensation for overtime hours worked by, *inter alia*, requiring them to work extended hours in order to complete their job duties.

121.    As a direct and proximate result of the aforementioned violations, Defendants damaged Plaintiff and the California Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

122.    Accordingly, Plaintiff and California Class Members are entitled to recover, and hereby seek, the unpaid balance of the full amount of deprived overtime premium pay earned for overtime hours worked, pre- and post-judgment interest, applicable penalties, attorneys' fees, costs of suit, and any further equitable relief this Court may deem just and proper. *See* Cal. Lab. Code § 1194; *see also*, Cal. Civ. Proc. Code § 1021.5.

123.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**COUNT IV**
**Failure to Authorize, Permit and/or Make Available Meal Periods**
**Cal. Lab. Code §§ 218.5, 218.6, 226.7, 512, 558.1; Cal. Code Regs. tit. 8, § 11090**
**(On Behalf of Plaintiff and the California Class)**

124.    All previous paragraphs are incorporated as though fully set forth herein.

125.    California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders require Defendants to authorize, permit, and/or make available timely and compliant meal and rest periods to its employees. Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes. Section 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

126.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails

to authorize and permit a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not authorized and permitted. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not authorized and permitted.

127.   Pursuant to California Labor Code § 1198, the Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

128.   Section 11 of IWC Wage Order No. 9-2001 provides in pertinent part:
(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .
(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes . . .
(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.

129.   Despite these requirements, Defendants failed to authorize and permit Plaintiff and California Class Members to take the timely and compliant off-duty meal periods to which they are entitled.  Plaintiff and the California Class Members routinely worked through their meal periods.

130.   Relatedly, despite failing to provide Plaintiff and California Class Members lawful uninterrupted off-duty meal periods, Defendants' standardized policies, practices and procedures systematically denied Plaintiff and California Class Members proper premium pay at the rate of one hour of pay at their regular pay rates for each non-compliant meal period.

131.   Accordingly, Plaintiff and Class Members seek compensation for Defendants' failure to authorize and permit meal periods, plus interest, attorneys' fees, expenses, and costs of suit, and further request relief as hereafter provided.

132.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**COUNT V**
**Failure to Authorize, Permit and/or Make Available Rest Periods**
**Cal. Lab. Code §§ 226.7, 218.5, 218.6, 512, 558.1; Cal. Code Regs. tit. 8, § 11090**
**(On Behalf of Plaintiff and the California Class)**

144.   All previous paragraphs are incorporated as though fully set forth herein.

145.    California Labor Code § 226.7 and the applicable Wage Orders require employers to authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

146.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize and permit a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not authorized and permitted. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not authorized and permitted.

147.    The Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

148.    Sections 12(A) and 12(B) of IWC Wage Order No. 9-2001 provide in pertinent part: "(A) Every employer shall authorize and permit all employees to take rest periods . . . The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof . . . Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

149.    Despite these requirements, Defendants failed to authorize and permit Plaintiff and California Class Members to take the timely and compliant off-duty rest periods to which they are entitled.  Plaintiff and the California Class Members were routinely denied rest periods.

150.    Relatedly, despite failing to provide Plaintiff and California Class Members lawful uninterrupted off-duty rest periods, Defendants' standardized policies, practices and procedures systematically denied Plaintiff and California Class Members proper premium pay at the rate of one hour of pay at their regular pay rates for each non-compliant rest period.

151.   Defendants also failed to pay Plaintiff and the California Class one hour of pay for each untimely, non-compliant rest period.

152.   Accordingly, Plaintiff and Class Members seek compensation for Defendants' failure to authorize and permit rest periods, plus interest, attorneys' fees, expenses, and costs of suit, and further request relief as hereafter provided.

153.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**COUNT VI**
**Failure to Reimburse for Necessary Business Expenditures Incurred**
**Cal. Lab. Code §§ 2802, 510, 558.1; Cal. Code Regs. tit. 8, § 11090**
**(On Behalf of Plaintiff and the California Class)**

154.   All previous paragraphs are incorporated as though fully set forth herein.

155.   California Labor Code § 221 provides that it shall be unlawful for any employer to collect or receive any part of wages theretofore paid by said employer to said employee.

156.   California Labor Code § 2802 provides that an employer must reimburse an employee for necessary expenditures and losses incurred by an employee in the direct consequence of the discharge of his or her duties.

157.   California Labor Code § 2804 mandates that this statutory right cannot be waived.

158.   Section 9 of IWC Wage Order No. 9 provides in pertinent part: "(B) When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer. . ."

159.   As alleged in more detail above, Defendants' standardized policies, practices and procedures resulted in the violation of the above statutes by denying reimbursement for necessary expenditures incurred as a direct consequence of discharging their duties and/or obeying the Defendants' directions.

160.   As a direct and proximate result of Defendants' failure to provide reimbursement for necessary expenditures, Plaintiff and California Class Members suffered, and continue to suffer, losses related to such unreimbursed expenditures, including, but not limited to, the use and enjoyment of monies owed, lost interest on monies owed, and attorneys' fees and costs incurred to enforce their rights.

161.    In failing to provide Plaintiff and California Class Members reimbursement for necessary expenditures incurred, Defendants' standardized policies, practices and procedures related to their delivery program derived, and continue to derive, an unjust and inequitable economic benefit at the expense of Plaintiff and California Class Members.

162.    Accordingly, Plaintiff and California Class Members are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures, pre and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this Court may deem just and proper. *See* Cal. Lab. Code §§ 2802, 558.1; *see also,* Cal. Civ. Proc. Code § 1021.5.

163.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## COUNT VII
### Failure to Provide and Maintain Accurate and Compliant Wage Records
### Cal. Lab. Code §§ 226
### (On Behalf of Plaintiff and the California Class)

164.    All previous paragraphs are incorporated as though fully set forth herein.

165.    Cal. Lab. Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

166.    California Labor California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiff seeks to recover actual damages, costs, and attorneys' fees under this section.

167.    Defendants failed to provide complete and accurate itemized wage statements to Plaintiff and the California Class in accordance with Labor Code § 226(a) and the IWC Wage Orders.

168.    Defendants' failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional.

169.    Plaintiff and the California Class Members have suffered injury and damage to their statutory protected rights as a result of Defendants' knowing and intentional failure to provide accurate wage statements in accordance with Labor Code § 226(a).

170.    Plaintiff and the California Class suffered injury as a result of Defendants' knowing and intentional failure to provide timely, accurate itemized wage statements to Plaintiff and the California Class in accordance with Labor Code § 226(a). In particular, the injury stemming from Defendants' violations is evidenced by this live and active dispute regarding unpaid wages, including overtime pay, between the Parties. As a result of Defendants' violations, Plaintiff and the California Class are required to undertake the difficult and costly task of attempting to reconstruct Defendants' incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

171.    Defendants are liable to Plaintiff and the California Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff and the California Class are entitled to an award of attorneys' fees and costs as set forth below and herein.

172.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**COUNT VIII**
**Violation of California's Unfair Business Practices**
**Cal. Business & Professions Code §§ 17200, *et seq*.**
**(On Behalf of Plaintiff and the California Class)**

173.   All previous paragraphs are incorporated as though fully set forth herein.

174.   California Business and Professions Code § 17200, et seq. prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

175.   "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

176.   "[T]he term person shall mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons." Cal. Bus. & Prof. Code § 17201.

177.   California Business & Professions Code § 17203 provides that the Court may make such orders or judgements as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

178.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the California Class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

179.   Business and Professions Code § 17206 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the California Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

180.   California Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

181.   California Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from

those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

182.    Defendants' standardized acts and practices described throughout constitute unfair, unlawful, and fraudulent business practices and unfair competition, within the meaning of the UCL. These acts and practices have, *inter alia*, taken from Plaintiff and the California Class wages rightfully earned by them, while enabling Defendants to gain and unfair competitive advantage over law-abiding employers and competitors.

183.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the California Class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

184.    Plaintiff' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself and others similarly situated. Plaintiff and the California Class seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

185.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**COUNT IX**
**Waiting Time Penalties**
**Labor Code §§ 201-203**
**(On Behalf of Plaintiff and the California Class)**

186.    All previous paragraphs are incorporated as though fully set forth herein.

187.    California Labor Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

188.    California Labor Code § 202 provides: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

189.    California Labor Code § 203 provides, in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any

wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

190.    Plaintiff and some of the California Class Members have left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from time spent working through their meal and rest breaks, from time spent outside of their scheduled and paid shifts performing other work-related activities, and overtime compensation that was not accounted for in the performance of off-the-clock work.

191.    Defendants willfully refused, and continues to refuse, to provide Plaintiff and the California Class with meal and rest period premium pay and with payment for off-the-clock work performed. Defendants are aware that Plaintiff and the California Class regularly miss or have interrupted their meal and rest breaks as a result of their unlawful policies and practices, but Defendants nevertheless, refuses to authorize premium pay for missed or interrupted meal and rest periods. Likewise, as alleged above, although Defendants knew, and continues to know, that Plaintiff and the California Class performed required off-the-clock work, Defendants still refuse to pay Plaintiff and the California Class for the off-the-clock work performed.

192.    As such, Defendants willfully refused and continues to refuse to pay those members of the California Class that left their employment with Defendants all the wages that were due and owing them upon the end of their employment. As a result of Defendants' actions, Plaintiff and the California Class Members suffered and continue to suffer substantial losses, including lost earnings and interest.

193.    Defendants' willful failure to pay the former employees the wages due and owed to them constitutes a violation of Labor Code §§ 201-202.  As a result, Defendants are liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

194.    In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the former employees are entitled to penalties pursuant to Labor Code § 203, plus interest.

195.   Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**COUNT X**

**Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*.**
**(On Behalf of Plaintiff and the Colorado Class)**

196.   All previous paragraphs are incorporated as though fully set forth herein.

197.   At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Colorado Wage Claim Act. *See* Colo. Rev. Stat. Ann. § 8-4-101(6).

198.   At all relevant times, Defendants have employed, and/or continue to employ, "employees", including Plaintiffs, within the meaning of the Wage Claim Act. *See* Colo. Rev. Stat. Ann. § 8-4-101(5).

199.   As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the Wage Claim Act, Minimum Wage Act and FLSA thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

200.   As a result, Plaintiffs and Class Members have been damaged in an amount to be determined at trial. Plaintiffs hereby demand payment on behalf of themselves and all Class Members in an amount sufficient to provide compensation for all straight-time and overtime hours not compensated properly. This demand for payment is continuing and is made on behalf of any current employees whose employment terminates at any time in the future. Such payment should be made care of undersigned counsel at the listed address.

**COUNT X**

**Violation of the Colorado Minimum Wage Act, § 8-6-101, *et seq*.**
**(On Behalf of Plaintiff and the Colorado Class)**

201.   All previous paragraphs are incorporated as though fully set forth herein.

202.   At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Colorado Wage Claim Act.

203.   At all relevant times, Defendants have employed, and/or continue to employ, "employees", including Plaintiffs, within the meaning of the Wage Claim Act.

204.    As a result of the foregoing conduct, as alleged, Defendants have violated, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

205.    Pursuant Colo. Rev. Stat. Ann. § 8-6-118 and Colo. Code Regs. §1103-1:18, employers, such as Defendants, who fail to pay an employee wages in conformance with the Colorado law shall be liable to the employee for the unpaid wages, reasonable attorney's fees, and costs of the action.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff seek the following relief on behalf of themselves and all others similarly situated:

a.    An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b.    Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c.    An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the California Class;

d.    Awarding Plaintiffs and members of the Classes declaratory and/or injunctive relief as permitted by law or equity;

e.    Awarding Plaintiffs and members of the Classes their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

f.    Awarding Plaintiffs and members of the Classes their pre-judgment, post-judgment and moratory interest as provided by law;

g.    Liquidated damages to the fullest extent permitted under the law;

h.    Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

i.    Such other and further relief as this Court deems just and proper.

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury for all issues of fact.

Dated: May 6, 2021                    Respectfully submitted,


                                      */s/ Matthew R. Bainer*
                                      Matthew R. Bainer, Esq.

                                      **Attorneys for Plaintiff and the**
                                      **Proposed Collective and Class**